JOHN HOEY, PLAINTIFF IN ERROR, v. ZADOCK H. JARMAN
ET AL.

1. Under ordinary circumstances, alterations appearing on the face of a sealed instrument need not be explained in order to render such instrument admissible in evidence.
2. Construction of words of a guarantee.
3. The words of a guarantee will be read most strongly against the guarantor.

In error to the Monmouth Circuit.

This case was tried before the Monmouth Circuit Court, a jury being waived.

The defendant assigned, by deed, a mortgage and bond to the plaintiffs, in the court below, and in which deed was inserted the following guarantee, viz.: "And I do hereby guarantee the payment of the said mortgage at the time therein specified, but only upon the failure of the said Alvah Wiswall to pay the same."

The word "only" in this clause was written over an erasure.

The judge, acting in the place of a jury, found the following facts, viz.: That before the suit was begun, payment was demanded of the principal and interest due on the bond, of the principal debtor, Alvah Wiswall, and that he made default, and notice of such default given to the defendant, Hoey ; and that it appeared that there was an effort made to collect the bond, by a foreclosure of the mortgage and sale of the premises mortgaged, and that such premises being thereupon sold, left a deficiency, for which judgment was rendered.

Argued at June Term, 1877, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiff in error, *Joel Parker*.

For the defendants, *Charles Haight*.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. By the brief of counsel, two questions are presented for decision.

*First.* At the trial, the assignment of the mortgage, which contained the guarantee on which this action rests, upon being inspected, had manifestly been altered in a material part. There was no extraneous evidence explanatory of this alteration, which was not noted, and, on this ground, the reception of the instrument was objected to, and it being admitted, a bill of exceptions was sealed. This decision forms the ground of the first exception to the proceedings at the trial.

But the question thus raised cannot, it seems to me, be considered an open one in this state. It has been repeatedly adjudged that the party offering an altered paper need not, under ordinary circumstances, explain such alteration by evidence *aliunde.* The latest case thus ruling is that of *Hunt* v. *Gray*, 6 *Vroom* 227, and the other decisions to the like effect will be found collected in 1 *Stewart's Dig.* 23, *title "Alteration."* That this result accords with the judgments in the English courts, and with the major part of those in this country, will be apparent on a reference to the recent work of Mr. Wharton on the Law of Evidence, volume I., page 629.

This first position is not tenable.

The next exception to the judicial conduct of the cause at the trial is, that the guarantee was construed to be an absolute obligation to pay the money on failure of the principal debtor to pay it on the day specified, the contention of the counsel of the plaintiff in error being, that such liability did not arise until a suit on the bond of such original debtor had exhausted the remedy against him. But the construction thus claimed is clearly inadmissible, as it is not at all consistent with the language of the contract. The words of the agreement are, "I do hereby guarantee the payment of the said mortgage at the time therein specified, but only upon the failure of the said Alvah Wiswall to pay the same." Here, in express terms and with the utmost perspicuity, the defendant obligates

himself that this debtor will not only pay the sum designated, but that he will pay it on a certain day, and, consequently, it seems illogical to contend that the failure of payment mentioned in the subsequent clause, refers to a period posterior to the day on which the defendant has just antecedently bound himself that payment shall be made. The guarantee is for a payment at a fixed time, and this stipulation is incompatible with an agreement such as is contended for by the defendant; that is, that the guarantor is to become responsible only after the exhaustion of a suit on the debtor's bond. Reading the contract in the sense claimed by the defence, the stipulations would have this signification : " I bind myself that this debtor shall pay this money on a day certain ; but I am not to be bound that he will pay it before legal proceedings on his bond shall be spent." A rendering of the agreement, involving so plain a contrariety of expressed purpose, is not to be adopted from the inconclusive reason that unless such an interpretation shall be sanctioned, the last clause in the sentence, which makes the defendant's liability to pay dependent on the default of the debtor, will be left wholly without effect or meaning. It is true that, according to my understanding of these stipulations, this last clause will have no legal effect, but it may have been designed to express in terms, out of abundant caution, that the defendant was not, in any wise, to be regarded as the primary debtor, by reason of his assignment of the mortgage. But in any event, if the latter clause be inefficacious and meaningless, it cannot justify the court in putting into this contract an important term, which has no better warrant of its truth than a baseless conjecture as to the meaning of the parties. The counsel has suggested that the failure to pay, which creates the responsibility, is a failure at the end of a suit; but why may not any other imagined contingency be as well interpolated ? Why not a failure of payment after a certain lapse of time ? or, after a notice of a certain character ? The subject of construction of written contracts is regulated by legal principles, and none of them admit of the arbitrary introduction into these instruments of

such stipulations as the judicial imagination may suggest as being within the line of the intention of the parties, but which they have failed to express. If the clause in question, viewed in its terms and with reference to the context, is so obscure or uncertain, that the sense of the contracting parties, with respect to it, is altogether supposition and conceit, then the result is, the clause becomes, in law, a mere nullity. The first clause of this agreement is perfectly clear; it is a guarantee that the money will be paid at a time named. The second clause should be equally clear before it is allowed to override and supersede such plain expression. Neither should it be forgotten, in this connection, that this language, whose want of clearness is the cause of embarrassment, is that of the defendant himself, and that, consequently, he is not in a situation to claim an indulgent interpretation of it. "It may then be considered," says Mr. Burge, in his treatise on Suretyship, page 46, "that the contract of guarantee or surety will be subject, as every other contract, to the rule that where there is ambiguity or obscurity which the other parts of the instrument do not explain, it is to be construed *potius contra proferentem*; that is, against the party giving the contract." Applying this rule, it appears to me plain that as the first of these clauses is clear, and the second of them obscure, that the former must prevail; and the result is, that this last contention of the defence is also unsustainable.

Let the judgment be affirmed.